```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION

FRANCIS DRAKE                                         PLAINTIFF


VS.                            CIVIL ACTION NO. 3:06CV318TSL-JCS


CITY OF PEARL, MISSISSIPPI;
WILLIAM SLADE; MARK MOONEY; AND
BRIAN LEE                                            DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants City of Pearl, William Slade, Mark Mooney and Brian Lee to dismiss. Plaintiff Francis Drake has responded in opposition to the motion, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted in part and denied in part.

On November 15, 2004, plaintiff Francis Drake was arrested for (1) failure to yield to a traffic device, in violation of Mississippi Code Annotated § 63-1-1003, (2) fleeing or eluding a law enforcement officer, in violation of Mississippi Code Annotated § 97-9-72, and (3) resisting arrest, in violation of Mississippi Code Annotated § 97-9-73. She pled no contest at the municipal court level, and obtained a trial de novo in the County Court of Rankin County. Following presentation of the evidence,

the judge convicted plaintiff of the charges of failure to yield and resisting arrest.  Plaintiff did not appeal her convictions.[1]

In order to avoid possible limitations problems, plaintiff filed the present action prior to the final resolution of the state criminal proceedings, which had been delayed for a period of time by the county court in order to have plaintiff examined by a court-appointed mental health expert to determine her competence to stand trial.[2]  In her complaint, she alleged claims under state and federal law for unlawful arrest, battery/excessive force, malicious prosecution, abuse of process and negligent training and supervision.  Following plaintiff's conviction, defendants filed their motion to dismiss, arguing that in light of her convictions, plaintiff's federal claims are due to be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), and that her state law claims are barred by one or more exemptions under the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § 11-46-9.

"Under Heck, . . . a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on

---

[1]  Plaintiff explains in her response that she did not appeal her convictions because she could not afford to do so. However, the reason she did not appeal does not affect the analysis of the issues raised by defendants' motion.

[2]  It is undisputed that plaintiff, who was 67 years old at the time of her arrest, has been diagnosed by multiple physicians as having Alzheimers and a form of dementia.

2

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Ballard v. Burton, 444 F.3d 391, 396 (5th Cir. 2006) (quoting Heck, 512 U.S. at 486-87, 114 S. Ct. 2364). "Heck bars claims for 'unconstitutional conviction or imprisonment' as well as claims 'for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid.'" Arnold v. Slaughter, 100 Fed. Appx. 321, 323, 2004 WL 1336637, 1 (5th Cir. 2004) (quoting Heck, at 486, 114 S. Ct. 2364).

In the court's opinion, given the fact of plaintiff's conviction, she cannot succeed on her federal claims under § 1983 for unlawful arrest, abuse of process or malicious prosecution.[3] However, defendant has not established that the fact of plaintiff's conviction for resisting arrest necessarily forecloses her claim for excessive force. In this vein, there are a number of Fifth Circuit cases in which the court has found that Heck barred § 1983 excessive force claims where the plaintiff's previous conviction was for resisting arrest or for aggravated assault or battery against the arresting officer. See, e.g., Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996). However, the court has made it clear that whether a given claim for excessive force is necessarily inconsistent with the plaintiff's conviction for resisting arrest depends "'on the nature of the offense and of

---

[3] Plaintiff has not opposed dismissal of these claims, or her claim for negligent failure to train.

3

the claim.'"  Ballard v. Burton, 444 F.3d 391, 401 (5th Cir. 2006) (quoting Arnold, 2004 WL 1336637, 1).  If the excessive force claim does not contradict the findings of the criminal fact finder, then Heck does not bar the claim.  See Arnold, 2004 WL 1336637, at 2.  Indeed, in each case where Heck has been found to apply to prior convictions for crimes such as resisting arrest or assault/battery against the arresting officer, the court has compared the facts underlying the claim of alleged excessive force against the legal and factual basis for the offense of conviction to determine whether the excessive force claim was in fact contradicted by the facts supporting the conviction.  See Ballard, 444 F.3d at 400 (noting that court's analysis has been consistent in that it has "analyzed the circumstances attendant to the conviction and carefully compared them with the allegations in the § 1983 complaint and the remainder of the summary judgment record" to determine whether it is possible that officer could have used excessive force after the defendant offered resistance).  If there is no contradiction, the claim may proceed.  See, e.g., Ballard, 444 F.3d at 396 (finding that a judgment in the plaintiff's favor on his § 1983 claim could easily coexist with his conviction for simple assault without calling into question any aspect of that conviction).

   Here, defendants have not presented evidence to show that plaintiff's excessive force claim is necessarily precluded by her conviction for resisting arrest.  According to plaintiff, although she was convicted for resisting arrest, the conviction was not

4

based on her having attempted to physically resist the officer's attempt to arrest her but rather on her having declared to the officer that she had done nothing wrong, to which she claims he responded with the use of excessive force.  Given plaintiff's allegations, and the absence of contrary proof, this court cannot conclude that plaintiff's allegations that the officer used excessive force are necessarily inconsistent with her conviction. Accordingly, defendants' motion to dismiss will be denied as to her excessive force claim.[4]

Defendants have moved to dismiss plaintiff's state law claims on a number of bases, including that they fall within one or more exemptions under the MTCA.  Plaintiff does not oppose defendants' motion for dismissal of these claims and accordingly, her state law claims will be dismissed.

Based on the foregoing, it is ordered that defendants' motion is granted in part and denied in part.

SO ORDERED this 12th day of March, 2007.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[4] The individual defendants also purport to seek dismissal based on qualified immunity, arguing that because plaintiff has admitted she was driving a motor vehicle while afflicted by Alzheimer's and dementia and refused to pull over for a police officer, it follows that their actions were objectively reasonable.  This argument has no merit.  It should go without saying that the mere fact that a motorist has committed a traffic infraction, whether or not that motorist is suffering from Alzheimer's or dementia, does not authorize the officer to use excessive force to arrest that person.

5